```
          IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                   PINE BLUFF DIVISION


DANNY LEE HOOPER                                      PETITIONER


vs.              Civil Case No. 5:08CV00033 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                     RESPONDENT
```

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

   If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

   1.  Why the record made before the Magistrate Judge is inadequate.

   2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

   3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

   From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

   Mail your objections and "Statement of Necessity" to:

   Clerk, United States District Court
   Eastern District of Arkansas
   600 West Capitol Avenue, Suite A149
   Little Rock, AR 72201-3325

### DISPOSITION

   Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Danny Lee Hooper, an inmate of the Arkansas Department of Correction. Petitioner was convicted on August 30, 2005, of three counts of rape and one count each of kidnaping, robbery, residential burglary and battery in the third degree. He received an aggregate sentence of 110 years. The Arkansas Court of Appeals affirmed his convictions on August 30, 2006, Hooper v. State, NO. CACR 05-1381, 2006 WL 2502235 (Ark. App.

Aug. 30, 2006), and the mandate issued on September 20, 2006 (DE #8, Attachment #7). On October 19, 2006, he filed a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure (DE #8, Attachment #7). After a hearing, the trial court denied the petition on April 26, 2007 (DE #8, Attachment #7).

Petitioner appealed and filed a motion to have his appellate brief copied at public expense. The Arkansas Supreme Court dismissed the appeal on November 29, 2007, finding there was no need to decide the motion, because the appeal had no merit. <u>Hooper v. State</u>, No. CR 07-816, 2007 WL 4201161 (Ark. Nov. 29, 2007). Respondent does not state, and there is no indication in this record, whether a mandate issued as to that opinion. Petitioner filed this petition on February 4, 2008.

In his initial petition, Petitioner raised two claims for relief:

>    1. He was denied the effective assistance of counsel in that counsel failed to renew his motion for a directed verdict at the close of all the evidence and

>    2. He was guilty of one count of rape, but it was a continuous act and he was not guilty of the additional two counts of rape.

In his reply (DE #16) filed on May 5, 2008, and his amended reply (DE #21) filed on August 13, 2008, he made the following additional assertions:

>    3. Counsel was ineffective in the following ways:

3

>    A. He failed to advise Petitioner he did not
>    have to testify at trial; and
>
>    B. He failed to obtain new scientific testing
>    after the trial judge gave him five days in
>    which to have it done; and
>
> 4. The State failed to conduct further scientific
> testing.

In an amended reply filed on August 13, 2008 (DE #21), Petitioner made the following additional assertion:

> 5. Counsel was ineffective in failing to obtain records
> of Petitioner's prior medical treatment.

Petitioner has not moved to amend his petition, but he has filed various motions seeking the appointment of counsel and the production of his medical records.

I.

In its opinion on direct appeal, the Arkansas Court of Appeals summarizes the facts as follows:

> In this case, the sixty-eight-year-old victim testified
> with regard to the rape counts that appellant entered her
> house as she lay in her bed, he announced that he was
> going to have sex with her, he fondled her vagina with
> his fingers, and he had both vaginal and anal intercourse
> with her. She thought that appellant's attack lasted
> around fifteen to twenty minutes. Rectal swabs tested for
> DNA evidenced that appellant rectally penetrated her. At
> the conclusion of the State's presentation, appellant's
> attorney moved for directed verdict on two of the three
> counts of rape, arguing that the proof failed to
> establish "more than one actual incident of rape." The
> motion was denied, and appellant testified in his own
> defense. He admitted that he was drunk that night, that
> he was a drug addict, and that he entered the victim's
> house to steal money. He also admitted to being a repeat
> felon. Appellant expressed regret at what happened,

> admitting that he vaginally raped the victim, though he did not recall anal penetration. At the conclusion of the defense presentation, the State declined to present rebuttal evidence, and the trial court presented the jury with instructions upon which to deliberate.

Hooper v. State, No. CACR 05-1381, 2006 WL 2502235, at *1 (Ark. App. Aug. 30, 2006). In a felony information, Petitioner was charged with rape by penetration of the victim's vagina with his fingers; by penetration of her vagina with his penis and by penetration of her anus with his penis (DE #8, Attachment #1, pp. 41-43).

Petitioner raised ground two on direct appeal. In his brief, he admitted he raped the victim, but he argued he only raped her once, not three times as alleged by the State. He contended, as he contends here, that under Arkansas law there must be separate impulses for each act of rape as charged, and the undisputed testimony at trial was that he engaged in one continuous act for fifteen minutes with one victim. He then cited, as he does here, testimony by the victim that he put Vaseline on his fingers and inserted them into her vagina, that he penetrated her vagina with his penis and that, during the rape, his penis slipped from her vagina and penetrated her anus. Plaintiff's Brief, Respondent's Attachment #1, Arg. 1-5.

The Arkansas Court of Appeals interpreted Petitioner's argument as a challenge to the sufficiency of the evidence. Although counsel requested dismissal at the close of the State's

case in a motion for directed verdict, he did not renew the motion at the end of all the evidence and the court found the issue was not preserved for appellate review. Hooper v. State, No. CACR 05-1381, 2006 WL 2502235, at *2. Respondent argues this is an adequate and independent state ground to bar consideration of ground two in habeas corpus proceedings, and Petitioner cannot show cause for the default and actual prejudice resulting from the default, as required by Wainwright v. Sykes, 433 U.S. 72 (1977). Where a state court's decision not to review a question of federal law rests on an independent and adequate state procedural ground, federal habeas review is barred unless the petitioner establishes cause for the default and resulting prejudice, or that the failure to address the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 729-31, 749-50 (1991).

Petitioner's only explanation for his failure to raise the sufficiency of the evidence claim properly in state court is his assertion in ground one that counsel was ineffective for failing to preserve the issue. Ineffective counsel may excuse a procedural default if it has been properly presented to the state court as an independent claim. Murray v. Carrier, 477 U.S. 478, 488 (1986).

In his Rule 37 proceedings, Petitioner properly asserted counsel was ineffective for failing to preserve ground two for appeal. Thus, this court may consider whether this claim sufficiently establishes cause for the procedural default of ground

two, Edwards v. Carpenter, 529 U.S. 446 (2000), and it may consider it as a properly exhausted independent claim for relief. Grounds one and two are inextricably intertwined and the court will consider them together.

## II.

Under the long-standing test of Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984), in order to establish counsel was ineffective, Petitioner must show counsel's performance was constitutionally deficient and he was prejudiced in that there is a reasonable probability the outcome of state court proceedings would have been different but for the deficiency. Petitioner must establish both of the components of the test, id. at 687, and the court must indulge a strong presumption that counsel rendered adequate assistance. Id. at 689.

In its decision affirming the denial of Rule 37 relief, the Arkansas Supreme Court found Petitioner could not prevail on this claim of ineffective assistance of counsel, because he did not establish the sufficiency of the evidence claim would have been successful at trial or on direct appeal had counsel preserved it for review. Hooper v. State, 2007 WL 4201161, at *2. The court determined that "[w]ithout such a showing, appellant could not meet his burden of proving the prejudice component of Strickland," and

his "argument was merely conclusory and could not overcome the presumption that counsel was effective." Id.

Federal habeas relief may not be granted on any claim addressed on the merits by the state court, unless Petitioner can establish the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law ... or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1) and (2); Williams v. Taylor, 529 U.S. 362, 389 (2000). The United States Supreme Court has recently referred to the review of a Strickland claim under this analysis as "doubly deferential." Knowles v. Mirzayance, ___ U.S. ___, ___, 129 S.Ct. 1411, 1420 (2009).

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable-a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

Id.

Here, because the Arkansas Supreme Court correctly cited and relied on Strickland, the question is whether its finding that

Petitioner failed to establish prejudice was an unreasonable application of the principles established in that case and other Supreme Court cases.[1]  In order to determine this, the court must examine whether, absent counsel's allegedly deficient performance, the outcome of the state court proceedings would have been different.

"Under Arkansas law, a trial court will grant a directed verdict for a defendant only when there is no substantial evidence to support a guilty verdict."  Maynard v. Lockhart, 981 F.2d 981, 987 (8th Cir. 1992).  In Ricks v. State, 327 Ark. 513, 515 (1997), the defendant was convicted of four counts of rape and he argued three of the counts should have been dismissed because all of the penetrations were the result of a single impulse.  The court cited Ark. Code Ann. § 5-1-110(a)(5), which provides generally that, when the same conduct establishes the commission of more than one offense, the defendant may be prosecuted for each offense, unless the acts charged are part of a continuing course of conduct.  Id.

> When the impulse is single, only one charge lies, no matter how long the act may continue. If there are successive impulses, even though all unite in a common course of action, separate charges lie, and the test is whether the prohibition is of the individual acts or the course of action they constitute. If the former, each act

---

[1] It appears from its opinion that Petitioner's Rule 37 brief was before the Arkansas Supreme Court, but it is not a part of the record before this court.  The court will presume Petitioner raised the same allegations and arguments in his Rule 37 appeal as he raised in his direct appeal brief, and which he raises here in grounds one and two.

is punished separately; if the latter, there can be but one penalty. Rowe v. State, 271 Ark. 20, 607 S.W.2d 657 (1980), cert. denied 450 U.S. 1043, 101 S.Ct. 1764, 68 L.Ed.2d 242 (1981); Britt v. State, supra.

Examples we have given of continuing offenses include offenses such as nonsupport and promotion of prostitution. See Rolark v. State, 299 Ark. 299, 772 S.W.2d 588 (1989). The essence of rape, whether by deviate sexual acts [§ 5-14-101(1) ] or by sexual intercourse [§ 5-14-101(9) ], is penetration. In Tarry v. State, 289 Ark. 193, 710 S.W.2d 202 (1986), we rejected the argument that rape, consisting of more than one penetration, is a continuing offense. There, the evidence was that the nocturnal intruder into the victim's bedroom was unable to obtain an erection. He penetrated the victim with his fingers, went to the bathroom and then returned to penetrate her with his penis. Discussing the propriety of the conviction on two counts of rape resulting from that episode, we said:

> Rape is not defined as a continuing offense. It may consist of engaging in sexual intercourse or deviate sexual activity with another person by forcible compulsion. [Citation omitted] Rape is a single crime that may be committed in either of two ways. Cokeley v. State, 288 Ark. 349, 705 S.W.2d 425 (1986). Here the prosecutrix testified that she had been raped in two different ways, and the jury so found by separate verdicts. There was not a continuing offense, for the two acts of rape were of a different nature and were separated in point of time. A separate impulse was necessary for the commission of each offense. There were two offenses. See Rowe v. State, 271 Ark. 20, 607 S.W.2d 657 (1980), cert. denied, 450 U.S. 1043, 101 S.Ct. 1764, 68 L.Ed.2d 242 (1981).

Ricks v. State, 327 Ark. At 515-516.

Petitioner does not deny that the evidence at trial established he penetrated the victim's vagina with his fingers, he penetrated her vagina with his penis and he penetrated her anus

with his penis. Given this evidence and Arkansas law as interpreted by the Arkansas Supreme Court in <u>Ricks</u>, it was not unreasonable for the state court to determine that under <u>Strickland</u> Petitioner was not prejudiced by counsel's failure to preserve the argument that he is guilty only of one offense of rape. Petitioner's contention that he did not intend to penetrate the victim's anus, that it was an accident and he could not have had a separate impulse to commit that act is merely a question of credibility that was for the jury to resolve. He is not entitled to relief on his independent claim of ineffective assistance of counsel in ground one, and he has failed to establish counsel's ineffectiveness is sufficient cause for the default of ground two. Grounds one and two will be dismissed.

III.

Even if the court were to find Petitioner properly amended his petition to include his additional assertions as grounds 3, 4 and 5, he would not be entitled to habeas relief. In ground 3(A), he contends counsel never advised him he did not have to testify at trial. In its opinion dismissing the Rule 37 appeal, the Arkansas Supreme Court made the following findings:

> As to his fourth claim, in the Rule 37.1 hearing, appellant maintained that counsel failed to advise him that he did not have to testify at trial. However, counsel testified that he discussed with appellant his right not to testify, and a strategic decision was made for appellant to take the stand. Matters of trial

> strategy and tactics fall within the realm of counsel's professional judgment and are not grounds for a finding of ineffective assistance of counsel. <u>Camargo</u>, <u>supra</u>; <u>Noel v. State</u>, 342 Ark. 35, 26 S.W.3d 123 (2000).
>
> Conflicts in the testimony at the hearing were for the trial judge to resolve. The judge was not required to believe the testimony of any witness, especially that of the petitioner as he was the person most interested in the outcome of the proceedings. See <u>Harper v. State</u>, 359 Ark. 142, 194 S.W.3d 730 (2004). Here, the trial court found the testimony of counsel to be more believable and that appellant had been advised of his right not to testify.

<u>Hooper v. State</u>, 2007 WL 4201161 at *2 (Ark. Nov. 29, 2007).

Petitioner has not shown the state court's credibility determination was an "unreasonable determination of the facts in light of the evidence presented" at the Rule 37 hearing. In addition, this court notes that on cross-examination at the hearing, Petitioner would not state that he did not want to testify at trial or that, had he known of his right not to testify, he would not have taken the stand (DE #8, attachment #7). Under such circumstances, he failed to assert he was prejudiced by counsel's alleged failure to explain his right not to testify at trial. Thus, I do not find it was unreasonable for the Arkansas Supreme Court to deny relief on this claim.

IV.

In grounds 3(B), four and five, Petitioner asserts counsel failed to obtain new scientific testing after the trial judge gave him five days in which to have it done; the State failed to conduct

12

further scientific testing and that counsel was ineffective in failing to obtain Petitioner's medical records.  It is not clear whether these issues were properly presented to the state court but, even if they were, they would not entitle Petitioner to relief.  All of these claims relate to Petitioner's contention that ten years prior to his trial he received a gunshot wound to his head.  He underwent a mental evaluation prior to trial and, according to Petitioner, in a conversation between counsel and the doctor who performed the evaluation, counsel asked what effect the head injury would have had on Petitioner.  The doctor stated she could not evaluate such effect without reviewing the medical records of the injury (DE #21, p. 7).  Counsel informed the court he was trying to obtain these records, and he requested a continuance because the hospital had not found the records, and he anticipated it might be difficult to locate them because the hospital had moved since the time of Petitioner's treatment. Petitioner states that, the day before trial, counsel visited him in jail and told him the hospital could not find any records of his treatment for a gunshot wound to the head on May 12, 1994, and they assumed the records had been destroyed. (DE #21, p. 14-15). Petitioner seems to argue here, that, had counsel done a more thorough job of looking for the records he could have found them, the doctor could have explored in more detail his medical history

and this would have supported a defense of mental impairment, and that the State should have conducted more tests (DE #21, p. 17).

It is not clear exactly what more Petitioner contends counsel could have done to find the medical records, or what sort of further testing the State should have performed. He has filed various motions seeking the records of his mental evaluation, but he has not shown what benefit these records would be to the presentation of the issue regarding counsel's failure to find his old medical records, and he has not amended his petition to assert a constitutional violation regarding his mental evaluation. In addition, his assertions regarding the value to the defense of the medical records or further tests are, at best, speculation. I find that, even if grounds 3(B), four and five are properly before the court, they do not entitled Petitioner to habeas relief. I further find all pending motions (DE #'s 37, 38, 39 & 41) should be denied.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied. All pending motions (DE #'s 37, 38, 39 & 41) are denied.

SO ORDERED this 26th day of May, 2009.

                                              */s/ Henry L. Jones, Jr.*
                                        United States Magistrate Judge