IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


DANNY LEE HOOPER                                              PETITIONER


vs.                      Civil Case No. 5:08CV00033 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                            RESPONDENT


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is
     inadequate.

2.   Why the evidence proffered at the hearing before the
     District Judge (if such a hearing is granted) was
     not offered at the hearing before the Magistrate
     Judge.

3.   The detail of any testimony desired to be introduced
     at the hearing before the District Judge in the form
     of an offer of proof, and a copy, or the original,
     of any documentary or other non-testimonial evidence
     desired to be introduced at the hearing before the
     District Judge.

From this submission, the District Judge will determine the

necessity for an additional evidentiary hearing, either before the

Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325


**DISPOSITION**

The District Court has referred Petitioner's Motion for

Certificate of Appealability (COA) (DE #48) to this court for

recommended disposition. Judgment was entered in this habeas corpus

case under 28 U.S.C. § 2254 on June 25, 2009, dismissing the

petition with prejudice. In order to appeal the denial of a § 2254

petition, the petitioner must first obtain a certificate of

appealability. 28 U.S.C. § 2253(C)(1). Slack v. McDaniel, 529 U.S.

473, 482 (2000). A motion for a certificate of appealability that

is filed within the time limitations of Fed.R.App.P.4 is the

"functional equivalent of a notice of appeal...." Carson v. Director of Iowa Dept. Of Correctional Services, 150 F.3d 973, 975 (8th Cir. 1998).

Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides in relevant part as follows:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

Federal Rule of Appellate Procedure 4(a)(6). Time limits for filing a notice of appeal are jurisdictional in nature. Bowles v. Russell, 551 U.S. 205, 209-10 (2007).

In the present case, the District Court entered judgment on June 25, 2009, and petitioner filed his motion for a certificate of appealability on December 2, 2009. Petitioner states he was not notified of the entry of judgment until November 23, 2009, after he had inquired as to the status of his case. Respondent has not responded to the motion.

3

The court has examined the record in the case and finds there is no "Certificate of Mailing" entered by the Clerk after Judgment was entered, and I find this is sufficient basis to infer Petitioner did not receive notice of the Judgment until November 23, 2009. The filing date of the motion, December 2, 2009, is within the 180 days of the date the Judgment was filed, and it is within the 14 days of the date Petitioner received notice of the filing of the Judgment. Respondent has not opposed the motion on the ground that he would be prejudiced by the reopening of the time for filing an appeal. Thus, I find the time for filing an appeal should be reopened and that Petitioner's motion should be found to be timely.

As for the merits of the motion, a "COA should issue if the applicant has 'made a substantial showing of the denial of a constitutional right,' 28 U.S.C. § 2253(c)(2), which we have interpreted to require that the 'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 542 U.S. 274, 282 (2004), quoting Slack v. McDaniel, 529 U.S. at 483–484. To satisfy this standard, a petitioner must show

> that reasonable jurists could debate whether (or, for
> that matter, agree that) the petition should have been
> resolved in a different manner or that the issues
> presented were " 'adequate to deserve encouragement to
> proceed further.'

Slack v. McDaniel, 529 U.S. at 484. This determination "requires an overview of the claims ... and a general assessment of their

4

merits," but the statute prohibits full consideration of the factual or legal bases supporting the claims.  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).   The Eighth Circuit has articulated three rules from <u>Slack</u> for considering a petition for a certificate of appealability:

> 1)if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted.

<u>Langley v. Norris</u>, 465 F.3d 861, 863 (8th Cir. 2006), quoting <u>Khaimov v. Crist</u>, 397 F.3d 783, 786 (8th Cir. 2002).

Petitioner has not carried his burden.  This court simply does not find the issues raised by Petitioner are issues debatable among jurists of reason, that they are issues another court could resolve differently, or that they are issues deserving further proceedings.

Accordingly, the court concludes Petitioner's motion for a certificate of appealability should be and hereby is denied.

SO ORDERED this 6th day of January, 2010.

_Henry L. Jones, Jr._
United States Magistrate Judge

5